UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>   v.<br>DALE WARD,<br>                Defendant. | Case No. 3:99-cr-00064-HDM<br><br>ORDER |

    Defendant Dale Ward has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 396 & 403). The government has opposed (ECF No. 404), and Ward has replied (ECF No. 405).

    Ward was charged in this action with fourteen drug-related counts, including manufacture of methamphetamine, possession with intent to distribute methamphetamine, and conspiracy to possess with intent to manufacture, to manufacture and possess with intent to distribute. (ECF No. 137). Following a jury trial at which he was convicted on all counts, Ward was sentenced to several terms of confinement, including, pursuant to the provisions of 21 U.S.C. § 851(a) and § 841(b)(1)(A), mandatory sentences of life without the possibility of parole on four of the counts. (ECF Nos. 238 & 278). Ward began serving his federal sentence on October 1, 2003, and has served almost sixteen years and ten months in federal custody toward his sentence. (ECF No. 404-1 at 4). Ward now seeks

1

early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A) on the grounds that (1) he is at higher risk of COVID-19 complications due to his age and (2) the statute applicable to his crimes no longer mandates a life sentence under the circumstances of his case.

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Ward is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>    imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>    (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>    . . .
>
>    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>    (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Ward seeks compassionate release due to the COVID-19 pandemic, his age, and the fact that under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), if he were to be sentenced today, he would no longer be subject to a mandatory sentence life without the possibility of parole. The government opposes, arguing that Ward had not exhausted his institutional remedies before filing the motion, he has not demonstrated extraordinary and compelling reasons for his release, he remains a danger to the community, and the § 3553(a) factors do not favor his release.

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Ward's counsel submitted a request for compassionate release to the warden on

June 22, 2020. (ECF No. 403-5). Thirty days have elapsed from the date Ward's request was submitted, so the motion is exhausted.[2]

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Preliminarily, the government suggests that a finding under the catch-all provision must be made by the Director of Prisons. (ECF No. 107 at 16). While the district courts have split on this question, this court agrees with the well-reasoned decisions that district courts may base a finding of extraordinary and compelling reasons on the catch-all provision. *See United States v. Etzel*, 2020 WL 2096423, at *3 (D. Or. May 1, 2020); *United States v. Haynes*, 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases); *United States v. Redd*, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory

---

[2] Because the motion is exhausted, it is unnecessary for the court to decide whether Ward's request in December 2019 (ECF No. 403-1), which sought release based on the changes under the First Step Act alone, was sufficient to exhaust the instant motion.

4

language, which requires a [catchall] determination by the BOP Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance.... [R]estricting the Court to those reasons set forth in § 1B1.13 cmt. n.1(A)-(C) would effectively preserve to a large extent the BOP's role as exclusive gatekeeper, which the First Step Act substantially eliminated.").

Even under the catch-all provision, however, the court does not find extraordinary and compelling reasons exist in this case.

Ward's primary asserted basis for relief is the fact that if he were sentenced today, he would not be subject to an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) and § 851. However, "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Saldana*, 807 Fed. App'x 816, 820 (10th Cir. 2020); *see also United States v. Tovar*, 2020 WL 3578579, at *4 (D.N.D. July 1, 2020); *United States v. Nasirun*, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020).

As to Ward's argument regarding COVID-19 and his age, Ward has not demonstrated that he is at a substantially greater risk of contracting or suffering from complications of COVID-19. Ward identifies no underlying medical conditions that put him at elevated risk of COVID-19 complications. He relies only on his age, 60, and an argument that because he was been incarcerated for almost two decades, his physiological age is 10-15 years higher than his chronological age.

5

The latest CDC guidance provides that "[a]mong adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk," and "[t]he greatest risk for severe illness from COVID-19 is among those aged 85 or older." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 27, 2020). Ward's age - chronological or otherwise - puts him in a higher risk category than many people, but he is not in the highest risk category, or even the second highest risk category. In light of the fact he has no other medical condition that puts him at a greater risk of COVID-19 complications, the court finds he has not met the criteria for establishing extraordinary and compelling reasons due to the COVID-19 pandemic.[3] Furthermore, FCI Terre Haute has implemented several measures in an attempt to contain or slow the spread of COVID-19 within the institution, including limiting the time inmates are out of their cell, distributing and encouraging use of face coverings, limiting contractor access to facilities, and suspending volunteer, social and legal visits. (ECF No. 404 at 19-22). COVID-19, while present at FCI Terre Haute, does not appear to be spreading rapidly in that institution.[4]

In short, the court does not find extraordinary and compelling reasons exist in this case and the motion will on that basis therefore be denied.

---

[3] The defendant's *pro se* motion asserts that he has hypertension and GERD, but there is no evidentiary support for this assertion and indeed counsel does not identify or rely on any such conditions in urging relief on Ward's behalf.

[4] The most recent numbers indicate that 8 of 163 inmates have tested positive for COVID-19, and 57 are pending results. *See* https://www.bop.gov/coronavirus/ (last accessed Aug. 3, 2020).

6

### III. Conclusion

In accordance with the foregoing, Ward's motion for compassionate release (ECF Nos. 396 & 403) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 3rd day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE